**Leticia SALAS, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 08–06–00256–CV.

Court of Appeals of Texas,
El Paso.

May 17, 2007.

John P. Mobbs, Attorney At Law, El Paso, for Appellant.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellee.

Before CHEW, C.J., CARR, J., and BARAJAS, C.J. (Ret.).

## OPINION

KENNETH R. CARR, Justice.

This is an appeal from an order of dismissal entered November 22, 2004, and the trial court's subsequent denial of a motion for clarification on September 28, 2006. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

The original suit in this case was the result of an automobile accident involving Irma Marie Lopez, Hector Escobar, and Appellant Leticia Salas. Salas was insured against damage caused by an uninsured driver by Appellee State Farm Mutual Automobile Insurance Company ("State Farm"). Lopez was similarly insured by USAA County Mutual Insurance Company ("USAA"). Salas and Lopez filed a single suit against State Farm, USAA, and Escobar on January 29, 2004.[1] Salas and Lopez were represented by the same attorney in the proceedings before the trial court.

In July 2004, Lopez settled her claim against USAA. Several months later, USAA's attorney prepared a motion to dismiss and a proposed order of dismissal. Salas and Lopez's attorney reviewed and signed the motion to dismiss and signified his written agreement to the proposed order of dismissal, before the documents were presented to the trial court. The motion stated, in its entirety:

Come now the Plaintiffs and would show the Court that all matters in controversy between the parties have been settled and compromised and that the above case should be dismissed.

WHEREFORE, premises considered, the Plaintiffs pray the Court to enter an Order dismissing the above styled and numbered cause.

On November 22, 2004, the trial court granted the motion to dismiss, in an order which was filed in the district clerk's office on November 30, 2004. The dismissal order stated:

On this the 22nd day of Nov[.] 2004, came on to be heard and considered the Motion of the Plaintiffs to dismiss the *above styled and numbered cause,* and it appearing to the Court that *all matters in controversy have been settled* and that the *above case* should be dismissed.

IT IS THEREFORE THE ORDER, JUDGMENT AND DECREE of the Court that the *above styled and numbered cause* be and it is hereby dismissed with prejudice, with each party to pay its own court costs.

(All emphases supplied).

On June 7, 2006, Salas filed a "Motion for Interpretation of Dismissal Order" in the trial court. She asserted that the dismissal order was not final as to her claim against State Farm. She argued there was no settlement agreement with State Farm, that the order did not specifically reference her claim against State Farm, and that neither the motion nor the order was signed by State Farm's attorney. The trial court entered an order ruling on the motion on September 28, 2006. The order stated, in pertinent part:

---

1. Lopez non-suited Escobar on July 12, 2004. Although the record is unclear as to the status of Salas's claim against Escobar at that time, he is not a party to this appeal.

The Court, having reviewed the papers on file, finds that: 1) this case was previously dismissed with prejudice; and 2) that the Court has lost plenary power and jurisdiction over the matter.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Interpret Dismissal Order" be and the same is hereby overruled and denied for want of jurisdiction.

Salas filed her notice of appeal on October 2, 2006. In her sole issue for review, Salas asks this Court to determine whether the November 22, 2004, dismissal order was a final and appealable order with regard to her claim against State Farm.[2] Salas argues that the dismissal was effective only as to Lopez's claim against USAA and was not a final adjudication of her claim against State Farm. She continues that there was no final appealable judgment until the trial court's clarification order on September 28, 2006. State Farm argues that the November 22, 2004, dismissal was a final judgment and that we must therefore dismiss this appeal for lack of jurisdiction.

## DISCUSSION

■ Whether a notice of appeal is timely filed in this Court is a jurisdictional issue. *In re K.L.V.*, 109 S.W.3d 61, 67 (Tex. App.-Fort Worth 2003, pet. denied) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997)). It is our duty to inquire into our own jurisdiction, even if we must do so *sua sponte*. *Juarez v. Texas Ass'n of Sporting Officials, El Paso Chapter*, 172 S.W.3d 274, 278 (Tex.App.-El Paso 2005, no pet.). Absent a timely filed notice of appeal, we must dismiss an appeal for lack of jurisdiction. *K.L.V.*, 109 S.W.3d at 67. In order to determine whether Salas timely filed her notice of appeal, we must determine whether the November 22, 2004, dismissal order was final and appealable.

■ A judgment or order is final for purposes of appeal, if it disposes of all parties and all issues in the record, so that no further action is required by the trial court, except as is necessary to carry out the appeal. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *Dick Poe Motors, Inc. v. DaimlerChrysler Corp.*, 169 S.W.3d 507, 510 (Tex.App.-El Paso 2005, no pet.). Absent a conventional trial on the merits, a judgment is final, " 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.' " *Dick Poe Motors*, 169 S.W.3d at 510 (quoting *Lehmann*, 39 S.W.3d at 192–93).

■ The law does not require that a final judgment be in any particular form. *Id.* The language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. *Id.* In other words, if the intent to finally dispose of the case is clear, "then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id.* (quoting *Lehmann*, 39 S.W.3d at 200). In a case where the record as a whole does not afford a legal basis for final adjudication, the order must be appealed and reversed. *Lehmann*, 39 S.W.3d at 206; *Fresh Coat, Inc. v. Life Forms, Inc.*, 125 S.W.3d 765, 768 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Whether a decree is a final judgment or order must be determined from its language and the record in the case. *Dick Poe Motors*, 169 S.W.3d at 510 (citing *Lehmann*, 39 S.W.3d at 195).

**2.** Salas filed this appeal in conjunction with a mandamus proceeding styled *In re: Leticia Salas*, Cause No. 08–06–00307–CV. In a contemporaneous opinion, the petition for writ of mandamus is being denied.

The text of the dismissal order herein indicates the court's intent that it be final and appealable. Salas's claim against State Farm was included in the same petition, case style, and cause number as Lopez's claim against USAA. There is no evidence in the record to show that the trial court had any knowledge that the settlement agreement was limited to Lopez and USAA at the time the parties filed for dismissal. The record does show that the language of the motion to dismiss, as approved by Salas's attorney, indicated that the "parties," not just Lopez and USAA, had settled "all matters in controversy." The language of the order mirrors that of the motion to dismiss. The trial court dismissed, not a single claim or specific parties, but the entire "above styled and numbered cause," noting that "all matters in controversy" had been settled. This language is clear evidence of the trial court's intention that the dismissal order be final[3] under the *Lehmann* standard.[4]

Assuming arguendo that the trial court's intentions were uncertain, based on the language above, the Texas Supreme Court has also afforded us the option to abate the appeal to permit the trial court to clarify the order or judgment. *See Lehmann,* 39 S.W.3d at 206 (citing Tex.R.App. P. 27.2). There is no need to do so in this case, as the trial court further clarified its intent for the dismissal order to be final and appealable in its September 2006 order. The order stated "1) this case was previously dismissed with prejudice; and 2) ... the Court has lost plenary power and jurisdiction over the matter." Therefore, in addition to the language of the order itself, the record indicates that the trial court clearly and unequivocally expressed its intent to dispose of all parties and claims in the dismissal order.

 Salas argues that the record does not provide a basis for the finality of the

---

**3.** There is evidence that Salas herself actually interpreted the dismissal order as disposing of her claim against State Farm. Following the dismissal order, she filed an entirely new lawsuit against State Farm. Only after State Farm moved for summary judgment in the second suit contending Salas's claim was barred by claim preclusion due to the finality of the dismissal order did Salas file her motion for interpretation of the original dismissal order.

**4.** Salas cites three post-*Lehmann* cases in support of her position: *Guajardo v. Conwell,* 46 S.W.3d 862 (Tex.2001); *First Nat'l Bank v. Martinez De Villagomez,* 54 S.W.3d 345 (Tex. App.-Corpus Christi 2001, pet. denied); and *Flores v. Sandoval,* No. 01–02–01197–CV, 2004 WL 966328 (Tex.App.-Houston [1st Dist.] May 6, 2004, no pet.) (mem.op.). All three cases are distinguishable from the dismissal order in this case. The judgments in all three cases relied heavily on the familiar, but no longer effective, "Mother Hubbard" clause ("all relief not expressly granted herein is denied") as evidence of finality. *See Conwell,* 46 S.W.3d at 863–64; *Martinez De Villa-*

*gomez,* 54 S.W.3d at 347–48; *Sandoval,* 2004 WL 966328, at *1–2. The dismissal order in this case did not contain a traditional "Mother Hubbard" clause. The cases cited are also distinguishable because of the procedural posture of the parties. *Conwell* was an appeal from a summary judgment which the Supreme Court determined was interlocutory, because an intervenor's claim for attorney's fees was not disposed of by the summary judgment order. *Conwell,* 46 S.W.3d at 864. *Martinez De Villagomez* was an appeal from a default judgment which the appellate court determined was interlocutory, because it was not a final adjudication of the third-party defendant's claims against the defendant in the case. *Martinez De Villagomez,* 54 S.W.3d at 348. In *Sandoval,* the appellate court determined that an agreed judgment order was interlocutory, because the language indicated finality only as to the parties to the settlement, which did not include an intervening party's claim for attorney's fees. *Sandoval,* 2004 WL 966328, at *2. In Salas's case, there were no intervenors or third-party defendants whose claims were not disposed of by the dismissal order.

dismissal order, because her attorney did not intend to seek dismissal of her case against State Farm. She also argues it was not USAA's intention to seek the dismissal of Salas's claim in the preparation and signing of the motion and order of dismissal. While the *parties* may not have intended to dispose of Salas's claim, the *Lehmann* standard instructs the reviewing court to focus on the intent of the *trial court* in determining the finality of an order. *See Lehmann,* 39 S.W.3d at 206 ("But if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final."). In addition, an order expressly disposing of the entire case is not made interlocutory "merely because the record fails to show an adequate motion or other legal basis for the disposition." *Id.* Therefore, even if we were to assume that the basis for the dismissal was inadequate, because the parties did not intend for the trial court to dismiss Salas's claim, it would not change the finality of the order under *Lehmann.*

 As the dismissal order was a final and appealable judgment, the trial court's signature started the appellate timetables. *See In re Bennett,* 960 S.W.2d 35, 38 (Tex. 1997). Salas did not file her notice of appeal within thirty days after the dismissal order was signed, nor did she file any post-judgment motion(s) which might have excepted her from the thirty-day rule. *See* Tex.R.App. P. 26.1. The trial court signed the order of dismissal in November 2004. A trial court's plenary power over a case, absent certain exceptions not relevant here, ends thirty days after the judgment is signed. *Id.* Salas, however, did not file her notice of appeal until October 2, 2006, nearly two years after the dismissal order was signed. Since her notice of appeal was untimely, we must dismiss this appeal for lack of jurisdiction. *K.L.V.,* 109 S.W.3d at 67.

BARAJAS, C.J. (Ret.), sitting by assignment.