TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00331-CV







Jewel Milligan, Appellant


v.


First Texas Bank, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT

NO. 15,095, HONORABLE SUE BARTON LYKES, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 This appeal arises out of a lawsuit filed by pro se appellant Jewel Milligan against
appellee First Texas Bank alleging insurance fraud and usury related to a loan she obtained from the
bank. A hearing was held in August 2003, at which the parties and a mediator stated that the parties
had reached an agreement. On October 8, 2003, the trial court signed a final judgment reflecting the
parties' agreement.

 On October 17, 2003, Milligan filed a letter with the trial court clerk asserting that
the settled cause "is no longer a part of this case. This is a new trial." In June 2004 and November
2005, Milligan wrote letters to the Attorney General of Texas and the United States Supreme Court
arguing that she had not signed the filed settlement agreement, complaining of conduct by the bank's
attorney and the trial court, and asking for a mistrial. On May 31, 2007, Milligan filed a notice of
appeal in this Court complaining of the October 2003 judgment. On June 8, 2007, we sent Milligan
notice that her notice of appeal was untimely filed and subject to dismissal if she could not show
how we could properly exercise jurisdiction over the appeal. She has responded by filing numerous
documents related to the dispute and dating back to 2003 and asking us to pardon any delay or
mistakes and to appoint her an attorney.

 The right to a court-appointed attorney is generally reserved for criminal or quasi-criminal proceedings. See U.S. Const. amend. VI; Ex parte Gonzales, 945 S.W.2d 830, 835-36
(Tex. Crim. App. 1997). A pro se litigant in a civil suit is entitled to an appointed attorney under
very limited circumstances. See Thomas v. Anderson, 861 S.W.2d 58, 60-61 (Tex. App.--El Paso
1993, no writ). Under the facts presented here, we may not appoint counsel to assist Milligan in her
suit. We attempt to read pro se pleadings liberally and with patience. Hains v. Kerner, 404 U.S. 519,
520 (1972). However, we must hold pro se litigants to the same procedural standards as parties
represented by counsel; to do otherwise would give pro se litigants an unfair advantage over
represented parties. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).

 Deadlines for filing notices of appeal are jurisdictional, and once the time to file a
notice of appeal has run, we must dismiss the appeal for want of jurisdiction. Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex.1997) (once extension period runs, party can no longer invoke appellate
court's jurisdiction); Salas v. State Farm Mut. Auto. Ins. Co., 226 S.W.3d 692, (Tex. App.--El Paso
2007, no pet.). If any party files a timely motion for new trial, motion to modify, motion to reinstate,
or proper request for findings and conclusions, a notice of appeal is due ninety days after the
judgment is signed. Tex. R. App. P. 26.1(a). A party may file a motion for an extension of time
within fifteen days after the deadline to appeal expires. Tex. R. App. P. 26.3.

 The judgment from which Milligan seeks to appeal was signed on October 8, 2003. 
Reading Milligan's October 17 letter as a motion for new trial, Milligan's deadline to appeal ran on
January 6, 2004, and the fifteen-day grace period ran on January 21, 2004. See Tex. R. App. P.
26.1(a)(1), 26.3. Milligan's notice of appeal, filed more than three years later, did not invoke our
jurisdiction over her appeal. We therefore dismiss the appeal for want of jurisdiction. Tex. R. App.
P. 42.3(a).


 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: August 23, 2007