

IN THE
TENTH COURT OF APPEALS

No. 10-08-00267-CV

IN THE INTEREST OF J.D., A CHILD

From the 361st District Court
Brazos County, Texas
Trial Court No. 07-001876-CV-361

O P I N I O N

The Department of Family and Protective Services has appealed a determination of frivolousness made by the trial court pursuant to Texas Family Code Section 263.405(d). TEX. FAM. CODE ANN. § 263.405(d) (Vernon 2008). We dismiss the appeal for want of jurisdiction because there is not a final appealable order.

*Factual Background*

The trial court placed J.D. with maternal relatives at a permanency hearing and named them J.D.'s permanent sole managing conservators against the wishes of the Texas Department of Family and Protective Services, J.D.'s attorney ad litem, and J.D.'s guardian ad litem. The trial court also signed an order, which dismissed the Department of Family and Protective Services and both of the ad litems from the case. The order did not, however, sever the Department's termination claim from the rest of

the pending claims, and, in the months prior to this, the foster parents of J.D. had filed an intervention in the case seeking to be named the joint managing conservators of J.D. Specifically, the order does not affirmatively dismiss the foster parents' claim by intervention. The Department of Family and Protective Services filed this appeal along with a motion for new trial and statement of points of error on appeal. TEX. FAM. CODE ANN. § 263.405 (Vernon 2008). After a hearing, the trial court denied the motion for new trial and found the appeal by the Department of Family and Protective Services to be frivolous pursuant to Texas Family Code 263.405(d)(3). TEX. FAM. CODE ANN. § 263.405(d)(3).

*Jurisdiction*

Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We must first determine whether the order at issue in this appeal constitutes a final judgment. *Parks v. Dewitt County Elec. Coop.*, 112 S.W.3d 157, 161 (Tex. App.—Corpus Christi 2003, no pet.).

Generally, a judgment is final if it disposes of all pending parties and claims in the record. *Guajardo*, 46 S.W.3d at 863-64; *Lehmann*, 39 S.W.3d at 204. In cases where there is no conventional trial on the merits, a judgment is final for purposes of appeal only if it either actually disposes of all claims and parties before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment. *Lehmann*, 39 S.W.3d at 204. If other claims remain in the case, "an order determining the last claim is final." *Lehmann*, 39 S.W.3d. at 200. Whether an order is a final judgment for purposes

of appeal must be determined from its language and the record in the case.  *Lehmann*, 39 S.W.3d at 204.

Finality of a judgment can no longer be determined solely by the existence of a "Mother Hubbard" clause, which includes the language "all relief not expressly granted herein is denied," especially when a judgment is rendered without a conventional trial on the merits.  *Lehmann*, 39 S.W.3d at 203-04.  Nor can the status of an order be conclusively determined by its title, either "final" or "interlocutory."  *Lehmann*, 39 S.W.3d at 200; *In the Interest of T.L.S.*, 143 S.W.3d 284, 286 (Tex. App.—Waco 2004, no pet.).  The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself.  *Lehmann*, 39 S.W.3d at 200.

Additionally, a judgment that by its language clearly disposes of all claims by all parties regardless of whether there is an adequate legal basis for it is not interlocutory because it is erroneous.  *Id.*; *Salas v. State Farm Mut. Auto. Ins. Co.*, 226 S.W.3d 692, 697 (Tex. App.—El Paso 2007, no pet.).  It is not the intent of the parties that is relevant, either, but the intent of the trial court in making its decision.  *Salas*, 226 S.W.3d at 697 (citing *Lehmann*, 39 S.W.3d at 206).

*The Intervention*

Any party may intervene in a suit by filing a pleading, subject to being stricken out by the court for sufficient cause on a motion of any party.  TEX. R. CIV. P. 60.  Upon the filing of the petition in intervention, an intervenor becomes a party to the suit for all purposes.  *In the Interest of D.D.M.*, 116 S.W.3d 224 (Tex. App.—Tyler 2003, no pet.).  If a party is non-suited or dismissed, an opposing party's right to be heard on a pending

claim for affirmative relief may not be prejudiced.  *Pleasants v. Emmons*, 871 S.W.2d 296, 298 (Tex. App.—Eastland 1994, no writ).  The trial court retains jurisdiction over a pending claim for affirmative relief if the trial court initially had subject matter jurisdiction in the cause.  *Williams v. Nat'l Mortgage Co.*, 903 S.W.2d 398, 403 (Tex. App.—Dallas 1995, writ denied).  A claim for affirmative relief is one that allows the intervenor to seek relief despite a petitioner's abandonment or failure to establish a claim.  *D.D.M.*, 116 S.W.3d at 232.

*Appeals in Cases Filed by the Department of Family and Protective Services*

Section 263.405 of the Texas Family Code governs some appeals in cases filed by the Texas Department of Family and Protective Services.  TEX. FAM. CODE ANN. § 263.405 (Vernon 2008).  Section 109.002 governs appeals in cases under Title Five of the Texas Family Code, which are suits affecting the parent-child relationship.  TEX. FAM. CODE ANN. § 109.002 (Vernon 2008).  Section 109.002(a) states that "[a]n appeal *from a final order* rendered in a suit, when allowed under this section or under other provisions of law, shall be as in civil cases generally."  TEX. FAM. CODE ANN. § 109.002(a) (emphasis added).  Section (b) provides that "[a]n appeal may be taken by any party to a suit *from a final order* rendered under this title."  TEX. FAM. CODE ANN. § 109.002(b) (emphasis added).  It is clear that a final order is necessary for the appellate court to have jurisdiction over these types of appeals in the absence of some other authority allowing interlocutory appeals.

In 2007, the Texas Legislature repealed Texas Family Code Section 263.401(d) in its entirety, which had specifically defined what constituted a "final order" for purposes

of cases where the Department of Family and Protective Services is a party. *See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2113, *repealed by* Acts 2007, 80th Leg., R.S., ch. 866, §5, 2007 Tex. Gen. Laws 1837, 1838 eff. June 15, 2007 (current version at TEX. FAM. CODE ANN. § 263.401 (Vernon 2008)). Prior to the repeal, it was possible to have a final order for purposes of appeal without disposing of all parties and all issues. *T.L.S.*, 143 S.W.3d at 289. The legislature did not choose to redefine or amend the language of Section 263.401(d), but chose to delete it in its entirety. Acts 2007, 80th Leg., R.S., ch. 866, § 5, 2007 Tex. Gen. Laws 1837, 1838, eff. June 15, 2007.

Without this definition of what constitutes a final order, the standards enunciated in *Lehmann* and its progeny for what constitutes a "final order" for purposes of appeal therefore govern our determination in this case. To the extent our holding in this opinion conflicts with our prior decision in *T.L.S.*, we overrule it due to the repeal of Section 263.401(d). Acts 2007, 80th Leg., R.S., ch. 866, § 5, 2007 Tex. Gen. Laws 1837, 1838, eff. June 15, 2007.[1]

*The Trial Court's Order*

The order at issue in this case is entitled "Order in Suit Affecting the Parent-Child Relationship." When we look at the language of the order itself, it has elements

---

[1] We note the holding in T.L.S. has been criticized by other courts for applying it to proceedings to which, by its own terms, it did not apply. *See In the Interest of T.J.H.*, No. 13-06-00407-CV, 2009 Tex. App. LEXIS 6688 at *11-13 (Tex. App.—Corpus Christi August 26, 2009, no pet h.); *D.R. v. Tex. Dep't of Family & Protective Servs.*, 281 S.W.3d 598, 600-01 (Tex. App.—El Paso 2008, no pet.); *M.C. v. Tex. Dep't of Family & Protective Servs.*, No. 08-08-00053-CV, 2008 Tex. App. LEXIS 9184, *7-8 (Tex. App.—El Paso Dec. 11, 2008, no pet.). *See also In the Interest of B.F.G.*, No. 02-09-00136-CV, 2009 Tex. App. LEXIS 5344 at *3 (Tex. App.—Fort Worth July 9, 2009, no pet h.); *In the Interest of C.H.*, No. 02-09-00060-CV, 2009 Tex. App. LEXIS 3940 at *2-3 (Tex. App.—Fort Worth June 4, 2009, no pet h.) (no final order for purposes of appeal when only one parent's rights terminated).

that lend credence to the concept of it being final. The order names two persons as "Permanent Sole Managing Conservators," dismisses the Department of Family and Protective Services with prejudice, dismisses the ad litems in the case, and contains a "Mother Hubbard" clause. However, on the face of the order there was a section that also dismissed the claims of the intervenors with prejudice that is specifically marked out by the trial court. Because of this, we cannot determine from the face of the order whether it is a final order or not; therefore, we must look to the record for guidance. *Lehmann*, 39 S.W.3d at 205.

In a situation where the Court is unable to ascertain the trial court's intent, abatement is possible for the trial court to clarify its intent as to the finality of its judgment. *Lehmann*, 39 S.W.3d at 206; *Salas*, 226 S.W.3d at 696. If the trial court's intent is clear from the record, however, abatement is not necessary. *Id.*

### The Record

The trial court conducted a hearing to enter the order. Findings of fact and conclusions of law pursuant to Texas Rule of Civil Procedure 296 were not requested of the trial court. TEX. R. CIV. P. 296.

At the hearing to enter the order, the trial court affirmatively stated that the petition for intervention was still active and would remain so after the order was signed. The trial court also continued the representation of the parents' appointed attorney throughout the intervention in the future. The trial court did, however, state that it believed that the appellate timetables would begin upon the signing of the order, which is some indication of an intent of finality.

However, at the hearing on the motion for new trial and frivolousness determination, the trial court stated the following:

> … . Because I have wondered all along, we didn't have a trial. We had a permanency hearing. And one of the things that I determined at the permanency hearing or set out very well in several different hearings—so I don't think—in several different statutes—so I'm wondering did we even have a trial in the sense where you're doing points on appeal. I would like the appellate court to clarify whether you're even using the appropriate vehicle to get to them. RR 7-8.

Later in the hearing, the trial court stated:

> And I still don't believe this is the correct procedural vehicle because I don't think the points on appeal—and the appellate court can re-instruct me, and I will respectfully submit to that at that time. RR 54.

And further,

> But once again, I don't think that's the appropriate findings because I don't think this is the appropriate vehicle. RR 59.

However, *Lehmann* requires clarity of the trial court's intent, not that of this Court when determining whether this judgment is final. *Lehmann*, 39 S.W.3d at 206. The purposeful exclusion of the petition in intervention from the order strongly disfavors finality. We believe the trial court's statements, taken with the language of the order itself are sufficiently clear and unequivocal as to the trial court's intent.

A direct appeal is therefore premature due to the presence of the intervention. *See Webster v. Carey*, No. 07-96-0181-CV, 1996 Tex. App. LEXIS 4147 at *4 (Tex. App.—Amarillo 1996, no writ) (not designated for publication) (purposeful failure to rule on grandmother's intervention renders judgment not final for purposes of appeal). *See also Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001) (appeal from a summary judgment

was interlocutory because an intervenor's claim for attorney's fees was not disposed of by the summary judgment order); *First Nat'l Bank v. Martinez De Villagomez*, 54 S.W.3d 345, 348 (Tex. App.—Corpus Christi 2001, pet. denied) (appeal from a default judgment which the appellate court determined was interlocutory, because it was not a final adjudication of the third-party defendant's claims against the defendant in the case); *Flores v. Sandoval*, No. 01-02-01197-CV, 2004 Tex. App. LEXIS 4181 at *2 (Tex. App.—Houston [1st Dist.] May 6, 2004, no pet.) (mem. op.) (agreed judgment order was interlocutory, because the language indicated finality only as to the parties to the settlement, which did not include an intervening party's claim for attorney's fees). We note that, in the absence of a severance of the intervenors' claims, a petition for writ of mandamus could potentially have been a mechanism for the Department to challenge the trial court's decision, as there was no final judgment for purposes of appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 137-138 (Tex. 2004); *In re Dep't. of Family & Protective. Servs.*, 273 S.W.3d 637, 645 (Tex. 2008).[2]

## *Conclusion*

We hold that the "Order in Suit Affecting the Parent-Child Relationship" is not final for purposes of appeal. We therefore dismiss this appeal for lack of jurisdiction.

TOM GRAY
Chief Justice

---

[2] We asked the parties to brief the issue of our jurisdiction. No party has directed us to any authority to consider the issues in an interlocutory appeal and we have found no such authority.

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Justice Davis concurs in the judgment and with the opinion to the extent *In re T.L.S.* is overruled.)
Dismissed
Opinion delivered and filed October 21, 2009
[CV06]