02-11-442-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00442-CV

 

 


 
 
 IN
 THE INTEREST OF A.J.,
 A CHILD
 
 


 

------------

FROM THE
231st district court OF tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

Appellant
J.J. appeals from the trial court’s permanency hearing order signed September
29, 2011 in the underlying case filed by the Texas Department of Family and
Protective Services.[2]  On November 8, 2011, we
notified the parties that we were concerned that this court may lack
jurisdiction over this appeal because the permanency hearing order appears to
be neither a final judgment nor an appealable interlocutory order.  We
indicated that this case could be dismissed for want of jurisdiction if the
parties did not show grounds for continuing the appeal by November 18, 2011. 
As of this date, we have received no response.

Accordingly,
because the permanency hearing order is neither a final judgment nor an
appealable interlocutory order,[3]
we dismiss this appeal for want of jurisdiction,[4] and we dismiss
Appellant’s request for appointed counsel for this appeal as moot.

 

PER
CURIAM

PANEL:  DAUPHINOT, GARDNER,
and WALKER, JJ.

DELIVERED:  January 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]Appellant has also filed a
notice of appeal from the trial court’s final judgment.  That appeal remains
pending.  See In re A.J., No. 02-11-00517-CV (Tex. App.—Fort Worth filed
Dec. 22, 2011).





[3]See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a) (West Supp. 2011) (listing appealable
interlocutory orders); Lehmann v. Har‑Con Corp., 39 S.W.3d 191,
195 (Tex. 2001) (providing general rule that an appeal may be taken only from a
final judgment); In re J.D., 304 S.W.3d 522, 524, 527 (Tex. App—Waco
2009, no pet.) (holding order in suit affecting parent-child relationship
interlocutory and unappealable when intervention was pending).





[4]See Tex. R. App. P.
42.3(a), 43.2(f).