COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-19-00213-CV |
| IN THE INTEREST OF | § | Appeal from the |
| R.A.A., T.J.A., and S.M.A., | § | 65th District Court |
| Children. | § | of El Paso County, Texas |
| | § | (TC# 2018DCM5057) |
| | § | |

## MEMORANDUM OPINION

Appellant has filed a motion to dismiss this parental termination appeal, stating that the notice of appeal was prematurely filed as the trial court has not yet rendered a final judgment in this case.[1]

---

[1] On July 26, 2018, the Texas Department of Family and Protective Services filed an Original Petition for Protection of a Child, For Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. The parties listed to be served were L.M. (Mother) and R.A. (Father). On July 16, 2019, the trial court issued an order titled "Interlocutory Order of Termination on [Mother]" in which Mother's parental rights were terminated. The order did not discuss Father. The clerk's record filed in this case shows that after the notice of appeal was filed in this case, the trial court issued a "Permanency Hearing Order Before Final Order" in which the trial court stated that Mother "had her parental rights terminated by interlocutory order signed July 15, 2019" but that Father's parental rights remained intact. This order noted that the date of dismissal for the cause was set for January 24, 2020, and that trial was set for December 13, 2019.

We note that prior to 2007, former TEX.FAM.CODE ANN. § 263.401(d) made it possible in a termination case brought by the Department for there to be a final order that did not dispose of all parties and claims. *See In re J.D.*, 304 S.W.3d 522, 526 (Tex.App.—Waco 2009, no pet.). However, the Legislature amended the statute in 2007 to remove Subsection (d). *See id*. (recounting legislative history)(Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1999 TEX.GEN.LAWS 2108, 2113, replealed by Act of June 15, 2007, 80th Leg., R.S., ch. 866, § 5, 2007 TEX.GEN.LAWS

Rule 42.1(a) governs voluntary dismissals in civil cases.[2]  That rule states:

> In accordance with a motion of appellant, the court may dismiss the appeal . . . unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled.

TEX.R.APP.P. 42.1(a).

Granting dismissal in this case would not prejudice the rights of the Appellee in this appeal.

Therefore, the Appellant's motion for voluntary dismissal is GRANTED.


September 25, 2019

YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Palafox, J., and Barajas, Senior Judge
Barajas, Senior Judge (Sitting by Assignment)

---

1837, 1838).  Since the Legislature removed Subsection (d), courts now use the ordinary final judgment standard in determining whether a termination order is actually final for purposes of appeal, i.e., whether it disposes of all parties and all claims.  *See id.*; *see also In Interest of C.M.*, No. 01-15-00830-CV, 2016 WL 1054589, at *5 (Tex.App.—Houston [1st Dist.] Mar. 17, 2016, no pet.)(mem. op.).

We express no opinion on whether any of the orders identified above are final or interlocutory because such a determination is unnecessary to the resolution of this motion; Mother (the Appellant) has elected to voluntarily dismiss her appeal, which is her right under TEX.R.APP.P. 42.1(a).

[2] As a basis for the motion to dismiss, Appellant cites TEX.R.APP.P. 27.1, which deals with prematurely filed notices of appeal.  That rule states:

> (a) *Civil Cases*.  In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.

Rule 27.1 deals with how the Court calculates appellate deadlines when a notice of appeal is filed before a final order is signed.  However, Rule 42.1(a) sets the standard for when an appellant can voluntarily dismiss his or her own appeal in a civil case.