

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00260-CV

___

IN THE INTEREST OF T.S., R.S., I.S., AND S.S., CHILDREN

___

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 72,959-B, Honorable Jack M. Graham, Presiding

___

November 18, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, biological mother of the four subject children in the above-captioned appeal, has attempted to appeal the trial court's Order of Termination signed July 10, 2019, and bearing trial court cause number 72,959-B. It appears from the record that trial court cause number 72,959-B was initiated in the 181st District Court of Randall County as a divorce filed pro se by the biological mother. The Department of Family and Protective Services intervened in that same cause seeking termination of mother's and father's parental rights.

The Order of Termination before us appears to dispose only of the Department's petition in intervention; it does not appear to address the original divorce action filed by

the mother. That being so, the court remains uncertain as to the appealability of the Order of Termination. *See Azbill v. Dallas Cty. Child Protective Servs. Unit of Tex. Dep't of Human & Regulatory Servs.*, 860 S.W.2d 133, 135–36 (Tex. App.—Dallas 1993, no writ) (discussing jurisdictional complications arising when, after Department's petition seeking termination was filed, the mother filed a petition seeking divorce and, subsequently, an order terminating parental rights was rendered followed by a divorce decree in the same proceeding); *see also In re J.D.*, 304 S.W.3d 522, 525–27 (Tex. App.—Waco 2009, no pet.) (noting that family code provisions contemplate a final order to invoke appellate courts' jurisdiction and concluding that order denying termination was not appealable by the Department when the trial court purposefully failed to dispose of intervenors' claims); *Webster v. Carey*, No. 07-96-0181-CV, 1996 Tex. App. LEXIS 4147, at *4 (Tex. App.—Amarillo Sept. 17, 1996, orig. proceeding) (concluding that order terminating parent-child relationship on Department's petition was not final for failure to dispose of plea in intervention).

Though the record suggests that the trial court intended its Order of Termination to be final as to the parent-child relationships at issue and operate in such a way as to effectively remove the child custody issue from any remaining issues in the divorce proceeding, the fact that the claims bear the same cause number also suggests that the trial court's order did not dispose of all pending claims and parties. *See generally Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195–200 (Tex. 2001). We seek clarification and/or modification from the trial court concerning the finality and appealability of the Order of Termination at bar.

So that the trial court may enter orders that would clarify the appealability of the Order of Termination or otherwise make the latter order final and appealable, we abate the appeal and remand the cause to the trial court. *See* TEX. R. APP. P. 27.2 (providing that the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record). Upon remand, the trial court may convene such hearing and issue such orders or judgments necessary to create a final, appealable order in this cause. Further, the trial court shall order the preparation of a supplemental clerk's and reporter's records, as applicable, reflecting the orders and actions taken and cause those records to be filed with the Clerk of this court no later than December 3, 2019. Should additional time be required to perform these obligations, same must be requested by December 3, 2019.

Per Curiam