

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00006-CV

**BSR SURF RESORT, LLC, PARSONS
BAREFOOT SKI RANCH, LLC,
BSR CABLE PARK, STUART EDWARD
PARSONS, JR. AS TRUSTEE FOR
PARSONS RANCH & WILDLIFE TRUST,
AND PARSONS RANCH & WILDLIFE TRUST,**

           **Appellants**

 **v.**

**RITA STABILE, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF
FABRIZIO STABILE, AND
VINCENZO STABILE, INDIVIDUALLY,**

           **Appellees**

---

**From the 414th District Court
McLennan County, Texas
Trial Court No. 2019-1249-5**

---

## MEMORANDUM OPINION

---

Appellants Stuart Edward Parsons, Jr. (Parsons) as Trustee for Parsons Ranch &

Wildlife Trust, Parsons Ranch & Wildlife Trust, BSR Surf Resort, LLC, Parsons Barefoot

Ski Ranch, LLC, and BSR Cable Park (collectively BSR) appeal the trial court's order restricting their use of funds from the sale of assets.

## *Background*

Appellees Rita Stabile, Individually and on Behalf of the Estate of Fabrizio Stabile, and Vincenzo Stabile, Individually (collectively the Stabiles) filed a wrongful death action alleging that their son died after becoming infected with an amoeba at one of the BSR water parks. During discovery, the Stabiles learned that Parsons was planning to sell the assets of one or more of the BSR entities and sought protection of the proceeds under the Texas Uniform Fraudulent Transfer Act (TUFTA). TEX. BUS. & COM. CODE ANN. §§ 24.001, *et seq.* After a hearing, the trial court granted the Stabiles' request and entered an order that directed, as relevant to this appeal, the following: "Defendants shall preserve the funds from the sale of the Assets, except as necessary to conduct normal course of business[.]" BSR then filed the present interlocutory appeal.

## *Issues*

BSR contends that the trial court's order is a temporary injunction and that the order fails to comply with the mandatory requirements of Rules 683 and 684 of the Rules of Civil Procedure. *See* TEX. R. CIV. P. 683, 684. Specifically, BSR argues that the trial court's order failed to require a bond, failed to set a trial date, and failed to include specific findings of imminent harm or lack of a legal remedy.

In two cross points, the Stabiles do not dispute that the trial court's order does not comply with Rules 683 and 684 but argue that this Court lacks jurisdiction because the trial court's order is not a temporary injunction. The Stabiles further argue that, even if

the order is construed as a temporary injunction, BSR waived the right to appeal by failing to object in the trial court.

*Discussion*

A. Jurisdiction. A reviewing court has the duty to inquire into its own jurisdiction even if it must do so *sua sponte*. *Gonzales Nursing Operations, LLC v. Smith*, No. 04-20-00102-CV, 2020 WL 564682, at *2 (Tex. App.—San Antonio Sept. 23, 2020, no pet. h.) (mem. op.); *Salas v. State Farm Mut. Auto Ins. Co.*, 226 S.W.3d 692, 695 (Tex. App.—El Paso 2007, no pet.). If the record does not affirmatively establish jurisdiction, we must dismiss the appeal. *Gonzales*, 2020 WL 564682, at *2 (citing *Nikolouzos v. St. Luke's Episcopal Hosp.*, 162 S.W.3d 678, 681 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). We review questions regarding our own jurisdiction *de novo*. *Nunu v. Risk*, 567 S.W.3d 462, 466 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

Generally, the appellate courts have jurisdiction only over appeals from final judgments. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (*per curiam*). The appellate courts have jurisdiction over interlocutory orders only when provided by statute. *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007). The Civil Practice and Remedies Code provides that orders granting or refusing temporary injunctions are immediately appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). Therefore, the issue we must first decide is whether the trial court's order is a temporary injunction.

One function of an injunction is "to restrain motion and to enforce inaction." *Qwest*, 24 S.W.3d at 336 (citing *Boston v. Garrison*, 152 Tex. 253, 299, 256 S.W.2d 67, 70 (Tex.

1953)). When evaluating whether an order should be classified as an injunction, we look to the character and function of the order rather than its title or its deficiencies. *Id.* In this case, the trial court's order clearly restrains BSR's actions.

The Stabiles argue that TUFTA provides the trial court with the discretion to craft an order beyond an injunction, an attachment, or the appointment of a receiver to prevent the fraudulent conveyance of assets. However, TUFTA does not create a new remedy nor does it change the definition or requirements of otherwise available remedies. Accordingly, we conclude that the trial court's order is a temporary injunction and that we have jurisdiction to consider this appeal.

B. Waiver. The Stabiles argue that this interlocutory appeal is barred because BSR did not object to the temporary injunction in the trial court. As the Stabiles note, an issue is generally waived on appeal if it is not first raised in the trial court. *See* TEX. R. APP. P. 33.1; *see also In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003). However, long-standing precedent of this Court, the majority of the Texas courts of appeals, and the Texas supreme court establish that the requirements of Rules 683 and 684 are mandatory and that a party need not preserve error in the trial court when a temporary injunction order does not comply with them. *See Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *Tex. A&M Univ. v. Carapia*, 494 S.W.3d 201, 208 (Tex. App.—Waco 2015, pet. denied); *see also Isgitt v. Godwin*, No. 10-15-00001-CV, at *1 (Tex. App.—Waco Apr. 16, 2015, no pet.) (and cases cited therein). "In fact, an appellate court may declare a temporary injunction that does not comply with Rule 683 void even if that claim has not been raised." *SISU Energy, LLC v. Hartman*, 2020 WL 4006725, at *14 (Tex. App.—

Fort Worth July 16, 2020, no pet.). Only the Amarillo and Austin courts of appeals have required preservation of error when a temporary injunction order fails to comply with Rules 683 and/or 684. *See Tex. Tech. Univ. Health Sci. Ctr. v. Rao*, 105 S.W.3d 763, 768 (Tex. App.—Amarillo 2003, pet. dism'd); *Emerson v. Fires Out, Inc.*, 735 S.W.2d 492, 493 (Tex. App.—Austin 1987, no writ). *See also Hoist Liftruck Mfg., Inc. v. Carruth-Doggett, Inc.*, 485 S.W.3d 120, 124-25 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (Frost, C.J., concurring) (for discussion of the majority and minority views).

C. Merits. The trial court's order in this case contained none of the provisions required by Rules 683 and 684 rendering it void. *Brett Oil Co. v. First Source Energy, L.P.*, No. 10-08-00234-CV, 2009 WL 1800829, at *2, n.1 (Tex. App.—Waco June 17, 2009, no pet.) (mem. op.). "A void order has no force or effect and confers no right; it is a nullity." *Isgitt*, 2015 WL 1755769, at *1 (quoting *Gray Wireline Serv., Inc. v. Cavanna*, 374 S.W.3d 464, 472 (Tex. App.—Waco 2011, no pet.)). As such, the trial court's temporary injunction must be dissolved.

We sustain BSR's issues and overrule the Stabiles' issues/crosspoints.

## *Conclusion*

Having sustained BSR's issues, we reverse the trial court's temporary-injunction order and order the trial court to dissolve it. *See Isgitt*, 2015 WL 1755769, at *2 (citing *Gray Wireline Serv., Inc.*, 374 S.W.3d at 472). Accordingly, we remand this matter to the trial court for further proceedings in accordance with this memorandum opinion.

The stay previously entered by this Court on February 24, 2020 is hereby lifted.

Appellant's Second Motion for Emergency Relief and for Clarification is denied.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Reversed and remanded
Opinion delivered and filed November 18, 2020
[CV06]

