ACCEPTED
15-25-00045-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/1/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

Court of Appeals.: 15-25-00045-CV

Trial Court: DF-24-07441

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/27/2025 12:02:01 AM
CHRISTOPHER A. PRINE
Clerk

———————————————————————————————

——————————

**In the Fifteenth Court of Appeals for the State of Texas**

———————————————————————————————

——————————

IN THE INTEREST OF I.C.S., A CHILD

————————————————————————

**Appellant's Opening Brief**

————————————————————

Appellant: Nanyamka Sims

Appellee: Kai H. Clark

1. <u>TABLE OF CONTENTS</u>

**Table of Contents**

1.  Table of Contents

1

2. Identity of Parties and Counsel

3. Table of Authorities

4. Statement of the Case

5. Issues Presented

6. Statement of Facts

7. Summary of the Argument

8. Argument

9. Conclusion

10. Certificate of Compliance

11. Certificate of Service

12. Appendix

## 2. IDENTITY OF PARTIES, JUDGES

In accord with Rule 38.1 of the Texas Rules of Appellate Procedure, Appellant provides this Court with this complete list of all interested parties.

**Appellant**
Nanyamka N. Sims ( Pro Se )

**Appellee**
Kai H. Clark ( Pro Se )

Nicole Loya
Office of the Attorney General
Child Support Division

3. <u>TABLE OF AUTHORITIES</u>

CASES

- Holley v. Adams, 544 S.W.2d 367 (Tex. 1976)

- In re J.D., 304 S.W.3d 526 (Tex. App. 2010)

- In re J.M., 396 S.W.3d 528 (Tex. App. 2013)

- In the Interest of A.A.E., a Minor Child v. 107th District Court of

Cameron County

- In re Marriage of Brown, 768 S.W.2d 297 (Tex. App. 1989)

STATUES

> **Texas Family Code § 153.002** – The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child.

> **Texas Family Code § 153.003** – The court shall consider the qualifications of the parties without regard to their marital status or to the sex of the party or the child in determining conservatorship.

4. <u>TABLE OF AUTHORITIES</u>

STATUES

> **Texas Family Code § 157.001** – A motion for enforcement may be filed to enforce any provision of a temporary or final order rendered in a suit.

> **Texas Family Code § 157.002** – A motion for enforcement must, in ordinary and concise language, identify the provision of the order allegedly violated and sought to be enforced.

**Texas Family Code §§ 157.001–157.002** *Statutory Text:* Governs the enforcement of prior court orders, requiring motions for enforcement to identify the violated provision in ordinary and concise language. *Purpose:* Ensures compliance with custody arrangements and court directives.

**Texas Family Code § 6.711 – Findings of Fact and Conclusions of Law**

Case No.: 15-25-00045-CV

_____

_____

**In the Fifteenth Court of Appeals for the State of Texas**

_____

_____

IN THE INTEREST OF I.C.S., A CHILD

_____

To the Honorable Judges of the Fifteenth Court of Appeals:

Nanyamka Sims, Appellant, presents this opening brief.

4. <u>STATEMENT OF THE CASE</u>

This appeal is predicated on the paramount consideration of the best interests of the minor child, I.C.S. Critical factors include the child's emotional and physical well-being, the positive relationship with each parent, and the stability of each home environment. The Appellant/Mother respectfully requests that the court overturn the prior decision regarding the change of the child's last name, the restrictions on the grandmother's presence during drop-offs/pickups, and the information not provided at the time of the Final Custody Order. The prior rulings do not appear to be supported by the evidence presented in this case or the previous proceedings, which do not justify such a drastic change. The record should be reviewed for any additional language or evidence that supports these points.

^1 Certain filings referenced herein appear in the trial court's docket but were omitted from the Clerk's Record transmitted to this Court. Appellant has filed a request pursuant to Tex. R. App. P. 34.5(c) to supplement the record, and has requested that the trial court clerk provide a certified copy to Appellant and transmit the complete record to this Court. For ease of reference in this brief, citations to these documents are abbreviated and tied back to this footnote until supplementation is complete.

5. <u>ISSUES PRESENTED</u>

Appellant presents the following issues to be reviewed

1. Whether the trial court erred by failing to incorporate the Mediation Agreement and Subsequent Agreement into the Final Orders, despite its directive that they be filed.

2. Whether the trial court erred by failing to review or acknowledge the Appellant/Mother's timely Final Order Request ^1.

3. Whether the trial court failed to provide sufficient findings of fact and conclusions of law to support its rulings.

4. Whether the trial court erred by failing to consider all relevant motions and evidence before making custody determinations.

5. Whether the trial court's unclear questioning deprived the Appellant/Mother of a fair opportunity to respond, resulting in procedural error.

6. Whether the trial court abused its discretion in granting a change of the minor child's last name.

7. Whether the trial court erred in restricting the maternal grandmother's involvement during custody exchanges.

8. Whether the trial court abused its discretion by restricting custody exchanges solely to the Patrol Division without accommodating the child's routine and Appellant/Mother's work schedule.

9. Whether the trial court erred by failing to adequately consider evidence of the Appellee/Father's neglect of medical instructions for the minor child.

10. Whether the trial court erred by failing to consider the Appellee/Father's non-compliance with prior court orders as a material change in circumstances.

11. Whether the trial court erred by failing to consider the Appellee/Father's admitted failure to exercise full possession time and his inconsistent scheduling.

## 6. STATEMENT OF FACTS

This appellate brief is submitted by the Appellant/Mother, who is representing herself in these proceedings.

The underlying suit affecting the parent-child relationship was filed on 5/23/24.

The trial court conducted hearings and signed the Final Order on 2/28/25.

During the hearing, Appellant/Mother stated that both a Partial Mediation Agreement and a Subsequent Agreement had been reached (RR Vol. 1, p. 5,6). The trial court, however, only acknowledged the Partial Mediation Agreement, stating,

*"What the final order is, you're going to take the MSA, the language from the MSA that you-all agreed to, as well as the language I have on here, you-all are going to turn it into a final order"* (RR Vol. 1, p. 38). The court then directed that Appellee/Father *"Okay. So one of the best places to start is the basement where the law library is. And I'm going to put on here, father is ordered to do the final order"* (RR Vol. 1, p. 38). Despite this directive, the Final Orders did not incorporate either the Mediation Agreement or the Subsequent Agreement. Instead, Appellee/Father submitted conflicting documents, including a request for a name change, which materially altered the parent-child relationship (CR 104 - 124 ).

The trial court further failed to address evidence regarding the maternal grandmother's role, which was directly relevant to the child's stability and best interests (RR Vol. 1, p. 26 - 37).

The hearing mentioned restrictiing custody exchanges to the Patrol Division but did not list in Final Order (RR Vol. 1, p. 98.  During the hearing, Appellant/Mother raised concerns that this location conflicted with her work schedule and the child's daily routine (RR Vol. 1, p. 52). The trial court did not address these concerns or provide alternative accommodations, despite testimony regarding the impact on the child's stability.

Additionally, the record reflects that Appellee/Father demonstrated repeated non-compliance with court directives, including absences, disregard of medical instructions for the minor child, and conduct that fostered a hostile co-parenting environment. These actions disrupted the child's routine, compromised medical care, and undermined the child's well-being (RR Vol. 4, p. 112–115).

7. <u>SUMMARY OF THE ARGUMENT</u>

The trial court's rulings undermine the best interests of the minor child, as established in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976). First, the court abused its discretion in granting a change of the child's last name. Stability of identity is a critical best-interest factor under *Holley*, and the record contains no findings demonstrating that the name change served the child's welfare. The trial court's failure to provide sufficient justification for this ruling constitutes reversible error.

Second, the trial court erred by omitting the Subsequent Parenting Agreement from the Final Orders, despite its directive that the Mediated Settlement Agreement (MSA) be filed. On the record, Appellant/Mother advised the court that both agreements had been executed, and her timely Final Order Request [1]—submitted prior to trial and included in the clerk's record—explicitly referenced them. Both parties legally signed the agreements, making them binding under Texas Family Code § 153.007(c). By failing to incorporate the Subsequent Agreement, the trial

10

court disregarded binding obligations and compromised the clarity of the custody arrangement.

Third, the trial court abused its discretion by restricting custody exchanges exclusively to the Dallas Southwest Patrol Division. This restriction fails to account for the Appellant/Mother's work schedule and the child's daily routine. A weekday drop-off location at 1999 E. Camp Wisdom Rd., Dallas, TX which is near the Appellant/Mother is beneficial because it avoids rushed, chaotic transitions and ensures the child's schedule is honored. Weekend exchanges at the Dallas Patrol Division located at 4230 West Illinois Ave., Dallas, TX 75211, remain important to accommodate the Appellee/Father's work schedule. This balanced arrangement respects both parents' time while prioritizing the child's stability and well-being. But again it was mentioned but not listed in Final Orders.

Fourth, the trial court erred in restricting the maternal grandmother's involvement during custody exchanges. The record reflects that the maternal grandmother has been a consistent caregiver since before the child's birth, providing stability and continuity essential to the child's well-being. Restricting her participation disregards established bonds and undermines the child's routine, contrary to the best-interest factors outlined in *Holley*.

The trial court also failed to review or acknowledge the Appellant/Mother's Final Order Request ^1 before the custody hearing, issuing rulings without full

consideration of the proposed custody framework. Additionally, the court's failure to conduct clear and structured questioning deprived the Appellant/Mother of an opportunity to provide precise responses, leading to misinterpretations that negatively impacted the custody ruling. This lack of procedural clarity contradicts Texas Family Code § 105.003, which requires that parties in suits affecting the parent-child relationship be afforded a fair opportunity to present their positions. The Appellee/Father's pattern of non-compliance with prior court orders, neglect of medical responsibilities, and erratic behavior constitutes a material change in circumstances requiring judicial reconsideration. Texas case law confirms that enforceable custody agreements are essential to mitigating the impact of such behaviors (*In re J.D.*, 304 S.W.3d 526 (Tex. App. 2010); *In re C.A.M.M.*, 243 S.W.3d 707 (Tex. App. 2007)). In addition to failing to adhere to medical instructions, the Appellee/Father admitted in court that he frequently changed his weekly schedule, missed parenting time, failed to attend medical appointments, and prioritized travel over his parental responsibilities. These admissions confirm his inconsistent involvement and disregard for court orders, reinforcing the need for custody modifications that reflect the Appellant/Mother's consistent commitment to her child's welfare.

## 8. ARGUMENT

## I. The Trial Court's Improper Decision to Change the Child's Surname

The Appellant/Mother has demonstrated unwavering devotion, ensuring her child's emotional, psychological, and physical well-being despite challenges that have required immense personal sacrifice. A child's surname is not merely an identifier—it is an extension of heritage, a representation of identity, and an affirmation of lineage, particularly when the mother has been the primary caregiver without support from a marital partner.

The parents were never in a marital union, and their prior discussions confirmed that the child would bear the mother's surname, honoring established cultural traditions that preserve continuity and belonging within the maternal lineage (RR Vol. 1, p. 24 - 27). The Appellant/Mother's deeply rooted beliefs affirm that a child born outside of marriage rightfully carries the mother's last name, ensuring continuity, protection, and a sense of belonging in the maternal family structure. The trial court's decision to change the child's surname failed to include findings demonstrating how the change served the child's best interests. This omission violates the principles set forth in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976), which prioritize stability, continuity, and identity as essential components of a child's welfare. By disregarding the established maternal bond and cultural

significance of the surname "Sims," the trial court severed the child from a foundational aspect of identity without evidentiary.

Although the child is under five years old, continuity with the maternal surname is already firmly established. His medical records, care providers, and prescriptions consistently identify him by the surname "Sims." He has been taught to recognize his full name, including his surname, as part of his early identity formation. Altering the surname at this stage would disrupt continuity of care and identity, creating instability during formative years. Courts applying the *Holley* factors have recognized that stability and continuity are paramount, particularly for young children who cannot yet advocate for themselves.

The record further reflects that the father has not consistently exercised his parenting time, missing more than thirty scheduled visitations in the past eighteen months and failing to attend medical appointments (RR Vol. 1 p. 20 – 23) [1]. He also admitted to prioritizing travel and personal commitments over consistent parenting. These facts underscore that the surname change was not supported by evidence of consistent parental involvement, which Texas courts have recognized as essential to the child's best interests.

Texas appellate courts have reversed surname changes where the trial court failed to make findings demonstrating how the change served the child's best interests.

These rulings confirm that continuity of identity and stability of care outweigh symbolic claims of legacy when evaluating a child's surname.

**Request for Relief**

The Appellant/Mother respectfully requests that the appellate court reverse the trial court's decision to change the child's surname and reinstate "Sims" as the child's rightful last name. This relief honors the maternal sacrifices, cultural traditions, and foundational bond between mother and child, while restoring stability and continuity consistent with the best-interest factors established in *Holley* and the statutory requirements of Texas Family Code § 45.002.

## II. The Improper Restriction on the Maternal Grandmother's Custody Exchange Participation

The trial court's restriction barring the maternal grandmother from participating in custody exchanges is unfounded and directly harmful to the child's stability. By enforcing this restriction despite legal evidence proving the grandmother's innocence, the court failed to act in the child's best interests, violating fundamental custody principles under Texas Family Code § 153.002, which requires that the child's welfare and stability remain the paramount consideration.

The Appellee/Father accused the maternal grandmother of assault, resulting in legal proceedings that were dismissed with prejudice on September 16, 2024, due to lack of evidence. Despite the complete invalidation of these claims, the trial

court did not correct the restriction, effectively depriving the child of access to a trusted caregiver without any legitimate legal basis.

**The Grandmother's Indispensable Role in the Child's Life**

As the sole surviving grandmother, she has consistently served as a guide, nurturer, and stabilizing force, ensuring that the child receives emotional, medical, and practical support. Her involvement has been particularly critical when the Appellee/Father has failed to fulfill his parental duties.

- She has attended medical appointments, ensuring the child's health needs are met despite the father's repeated failure to participate in healthcare decisions (CR p. 48 - 53).
- She has provided childcare and emotional support, filling gaps in parental involvement when the father has been absent or unavailable.
- She has served as a safeguard during custody exchanges, ensuring transitions occur without unnecessary stress or conflict, preserving the child's sense of security and routine.

The Appendix includes the Dismissal Order confirming the grandmother's innocence, further supporting the request to lift the restriction.

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the restriction preventing the maternal grandmother from participating in custody exchanges. Restoring her involvement ensures the child retains access to a stabilizing caregiver who has played a vital role in his upbringing, thereby promoting continuity, security, and the child's best interests as required under Texas Family Code § 153.002.

## III. Material Change in Circumstances Due to the Appellee/Father's Ongoing Violations and Unreliable Behavior

The trial court erred by disregarding the Appellee/Father's ongoing violations of court orders and his unreliable parenting behavior, which together constitute a material change in circumstances requiring reconsideration of custody. Texas Family Code § 153.002 mandates that the child's best interests remain the primary consideration, and repeated noncompliance undermines the stability and continuity necessary for the child's welfare.

The Appellee/Father's failure to comply with court-ordered parenting and co-parenting classes, as mandated in 2023, constitutes a direct violation of judicial directives . Despite being explicitly required to complete these courses to improve his parental involvement and ability to co-parent effectively, he has failed to provide proof of completion. His disregard for court directives demonstrates an

unwillingness to fulfill parental responsibilities, which the trial court failed to weigh when issuing its order.

Noncompliance with court-mandated parenting courses constitutes a material change in circumstances, as parental education is critical to maintaining a structured, stable environment for the minor child. His failure to participate in the required programs further supports modification of custody arrangements, ensuring that the child remains under the care of the parent who has demonstrated consistent responsibility and commitment.

The Appellee/Father's broader pattern of neglect and disregard for parental responsibilities reinforces the need for reconsideration:

- He has missed more than thirty scheduled custody visits in the past eighteen months, disrupting the child's routine and emotional stability [1].

- He has violated court orders, including a No-Trespassing Order and Temporary Protective Order that started during our previous case and has been active since, demonstrating an inability to maintain structured co-parenting agreements.

- He has prioritized frequent travel over parenting responsibilities, repeatedly choosing personal engagements instead of fulfilling obligations to his child.

These facts, documented in the record, establish a clear pattern of noncompliance and instability. The trial court's failure to weigh these circumstances constitutes an

abuse of discretion, as the child's best interests require continuity, accountability, and reliable caregiving.

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider in light of the Appellee/Father's documented noncompliance and violations, which constitute a material change in circumstances under Texas Family Code § 153.002.

**IV. The Appellee/Father's Failure to Fulfill Medical Responsibilities**

The trial court erred by disregarding the Appellee/Father's failure to participate in the child's healthcare and adhere to post-surgical guidelines, which poses a direct risk to the child's well-being. Hypospadias is a serious congenital condition requiring surgical correction; untreated, it can cause lifelong complications including urinary dysfunction, fertility issues, psychological distress, and the need for additional corrective surgeries.

The record reflects that the Appellee/Father refused to attend the child's surgery, failed to engage in medical discussions, and demanded visitation immediately after the procedure despite discharge restrictions. He further misrepresented the December 14, 2023 surgery as a circumcision, minimizing the seriousness of the condition and contradicting medical documentation . These actions demonstrate an

inability to prioritize the child's best interests, yet the trial court did not address this evidence (RR Vol. 1, p. 20 -23).

Texas courts have recognized that a parent's failure to fulfill medical responsibilities is grounds for custody reconsideration. In *In re J.M.*, 396 S.W.3d 528 (Tex. App. 2013), the court held that medical neglect justified modification where it posed a direct risk to the child's well-being. Here, the Appellee/Father's failure to participate in medical care, repeated absences from healthcare decisions, and misrepresentation of the child's condition demonstrate neglect that the trial court failed to weigh. Texas Family Code § 153.002 requires courts to prioritize the child's best interests, making the trial court's omission reversible error.

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider in light of the Appellee/Father's documented medical neglect and misrepresentation.

**V. The Appellee/Father's Failure to Adhere to a Consistent Schedule and Use His Full Possession Time**

The trial court erred by disregarding the Appellee/Father's inability to maintain a structured schedule and consistently utilize his full possession time, which has caused repeated disruptions to the child's routine, stability, and emotional

well-being. Texas Family Code § 153.002 requires that custody determinations prioritize the child's best interests, including continuity and reliability in parental care.

The record reflects that the Appellee/Father admitted his weekly schedule frequently changes, making it impossible to uphold a structured visitation arrangement that supports the child's need for routine and security (RR Vol. 1, p. 31). His unreliable parenting pattern includes missed visits, failure to fully utilize possession time, and prioritization of personal travel over consistent caregiving. He further admitted that he has the option to choose a more structured work schedule to benefit the minor child but has failed to do so.

Texas courts have recognized that custody arrangements must reflect the parent who provides reliability, commitment, and consistent care. See *In re J.D.*, 304 S.W.3d 526 (Tex. App. 2010). The trial court's failure to weigh father's repeated absences and admissions constitutes an abuse of discretion, as these facts directly undermine the child's stability and best interests.

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider in light of the Appellee/Father's documented failure to adhere to a consistent schedule and utilize his possession time.

**VI. The Trial Court's Unreasonable Restriction on Custody Exchanges**

The trial court erred by restricting custody exchanges solely to the Dallas Southwest Patrol Division, imposing undue hardship on the Appellant/Mother and creating logistical obstacles that interfere with timely and structured transitions for the child. This rigid requirement disrupts the child's routine and places unnecessary burdens on the Appellant/Mother, despite her consistent adherence to visitation schedules and parental obligations.

The Appellant/Mother originally requested that exchanges occur at a police station due to the Appellee/Father's hostility and her discomfort with him coming to her home. This arrangement provided safety and neutrality. The Appellee/Father later requested that the location be moved closer to him, despite knowing that the Appellant/Mother works weekday morning shifts and that such a change would compromise her employment. His request created additional burdens rather than serving the child's best interests.

The Appellant/Mother offered a fair compromise: weekday exchanges at her chosen location to accommodate her work schedule, and weekend exchanges near the Appellee/Father, since he either does not work or works evening overtime shifts. This demonstrates her reasonableness and commitment to minimizing conflict while prioritizing the child's routine.

The record reflects that the Appellant/Mother works during the week, making the designated exchange location incompatible with timely transportation (CR ^ 1). She has never missed a visitation date, demonstrating her steadfast dedication to honoring court-ordered obligations and prioritizing the child's best interests. In contrast, the Appellee/Father has no weekday work obligations and has repeatedly failed to adhere to agreed-upon parenting terms, undermining the stability necessary for effective co-parenting.

Custody exchanges must be structured to prioritize the child's emotional security and reduce unnecessary conflict. The trial court's ruling disregarded parental availability and practical considerations, contradicting the best-interest standard under Texas Family Code § 153.002 and the principles articulated in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976), which emphasize continuity and stability in custody orders.

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider the designated custody exchange location in light of the Appellant/Mother's original request for safety, her work schedule, the child's routine, and the Appellee/Father's inconsistent adherence to parenting obligations.

**VII. The Trial Court's Failure to Review the Appellant/Mother's Final Order Request and Evaluate Evidence**

The trial court erred by failing to review the Appellant/Mother's Final Order Request ^1 and by disregarding key exhibits and custody agreements filed before the hearing. Texas Family Code § 153.002 requires that the child's best interests guide custody determinations, yet the court's omission resulted in rulings unsupported by a full evidentiary review.

The record reflects that the trial court did not adequately consider filed agreements and appeared uncertain about pending motions, leading to rulings that lacked proper evidentiary support (CR ^1_; RR Vol. 1, p. 5 & 6). Texas courts have held that failure to evaluate material evidence and structured custody agreements results in improper judgments. See *In re J.D.*, 304 S.W.3d 526 (Tex. App. 2010).

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider in light of the Appellant/Mother's Final Order Request ^1 and the material evidence filed before the hearing.

## VIII. The Trial Court's Failure to Incorporate the Subsequent Parenting Agreement into the Final Custody Order

The trial court erred by failing to incorporate the Subsequent Parenting Agreement into the Final Custody Order. The agreement was negotiated in good faith, filed with the court, and intended to supplement the partial Mediated Settlement Agreement (MSA), which was limited due to time constraints. The Subsequent Agreement addressed unresolved issues that could not be finalized during mediation ( Vol. 1, p. 5 & 6 ), yet the trial court omitted its terms entirely from the Final Order ( Vol.1, p. 37 & 38 ).

This omission disregarded binding commitments between the parties and created uncertainty in enforcement, undermining the child's stability and continuity. Texas Family Code § 153.002 requires custody orders to prioritize reliability and the child's best interests. By ignoring the Subsequent Agreement, the trial court failed to honor structured terms designed to protect the child's well-being.

### Request for Relief

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider in light of the Subsequent Parenting Agreement filed in the record.

## IX. The Trial Court's Lack of Sufficient Legal Findings and Rationale in Its Decisions

The trial court erred by failing to provide detailed legal findings and reasoning for its rulings, making it impossible to determine the basis upon which custody modifications were denied or granted. Texas courts are required to provide clear judicial explanations, allowing parties to understand the foundation of rulings that affect parental rights and child custody arrangements ( CR pg. 103 ). This request was filed and accepted on 2/28/2025 by Efile and listed under Envelope Number: 97899316

The absence of sufficient legal findings in the final custody order undermines transparency, prevents effective appellate review, and creates ambiguity regarding the court's consideration of material evidence. Without clear rationale, the order fails to demonstrate compliance with Texas Family Code § 153.002, which requires custody determinations to prioritize the child's best interests.

The record reflects that the Appellant/Mother filed a request for findings of fact and conclusions of law, but never received a response to the original request or the motion (CR 103 **).**

## Request for Relief

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to issue detailed

findings of fact and conclusions of law, ensuring transparency and compliance with procedural due process.

## X. The Trial Court's Failure to Evaluate Material Evidence Leading to Erroneous Custody Rulings

The trial court erred by failing to evaluate key evidence and motions before issuing custody rulings. Texas Family Code § 153.002 mandates that the child's best interests must be the primary consideration in custody determinations, yet the court disregarded important materials and testimony necessary to assess the child's stability and parental involvement.

__The record reflects that the trial court did not adequately consider [Final Order Request / unresolved issues / testimony regarding custody terms], as noted in [^1 Vol. 1, p. 5& 6 ].

This omission created a flawed custody decision that does not reflect the child's stability needs or parental involvement records. Texas courts have recognized that failure to evaluate material evidence results in improper judgments. See *In re J.D.*, 304 S.W.3d 526 (Tex. App. 2010). The trial court's failure to engage in a thorough evidentiary review constitutes an abuse of discretion requiring appellate correction.

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider in light of all material evidence properly filed in the record.

## XI. The Trial Court's Failure to Provide Clear Judicial Questioning Violated Procedural Due Process

Procedural due process requires that all parties in a child custody dispute be afforded a fair and reasonable opportunity to present their case. Texas Family Code § 153.009(b) mandates that the trial court must consider direct testimony and ensure all parties understand the nature and scope of judicial inquiries.

In this case, the judge's questioning lacked clarity, leading the Appellant/Mother to repeatedly request clarification before responding. Confusing phrasing hindered her ability to provide accurate testimony, potentially resulting in unfavorable judicial interpretations. The court failed to address concerns regarding vague inquiries, violating Texas Family Code § 105.003, which guarantees the right to properly present testimony affecting custody determinations. Courts must avoid ambiguous questioning to prevent misinterpretations that may lead to unjust rulings. See *In re J.D.*, 304 S.W.3d 526 (Tex. App. 2010).

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider testimony within a fair procedural framework, ensuring that judicial questioning is clear, structured, and consistent with statutory due process requirements.

## XII. The Trial Court's Failure to Consider Relevant Prior Case Information and Its Impact on Custody Determination

The trial court erred by failing to account for the Appellee/Father's history of harassment, noncompliance with custody agreements, and refusal to follow structured parenting schedules, despite the Appellant/Mother's continued efforts to accommodate his inconsistencies as the more responsible parent. Additionally, the court failed to implement necessary legal protections ensuring stability in custody arrangements, particularly during instances of hostility and uncooperative behavior from the Appellee/Father.

### A. The Appellee/Father's History of Harassment and Noncompliance

Immediately following the child's birth, the Appellee/Father engaged in verbal and electronic harassment, creating a hostile environment for the Appellant/Mother during a critical recovery period.

Despite legally binding custody agreements, the Appellee/Father has continuously failed to adhere to structured schedules, forcing the Appellant/Mother to adjust weekly to his inconsistencies.

Under Texas Family Code § 153.002, courts must prioritize the child's best interests by ensuring stable and reliable parenting schedules. Additionally, Texas Family Code § 153.004 requires courts to consider a parent's history of harassment in custody determinations, which the trial court failed to evaluate properly.

**B. The Need for Judicial Protections to Prevent Further Instability**

The Appellee/Father's repeated hostility and unwillingness to comply with co-parenting agreements demonstrate the urgent need for legally enforceable protections.

The record reflects testimony and filings referencing his pattern of aggression ( RR Vol. 1, p.  26 & 27**).**

Texas courts have recognized the importance of structured custody arrangements in cases involving parental hostility. See *In the Interest of A.A.E.*, a Minor Child v. 107th District Court of Cameron County. The trial court's failure to weigh this history constitutes an abuse of discretion requiring appellate correction.

**Request for Relief**

The Appellant/Mother respectfully petitions the appellate court to reverse the trial court's custody determinations and remand with instructions to reconsider in light of the Appellee/Father's history of harassment, noncompliance, and hostility, as documented in the record, and to apply the statutory requirements of Texas Family Code §§ 153.002 and 153.004.

9. CONCLUSION

The Appellant/Mother respectfully requests that this Court reverse the trial court's custody determinations and remand for reconsideration consistent with Texas Family Code §§ 153.002 and 153.004, ensuring that the best interests of the minor child, I.C.S., remain the highest priority in these proceedings.

Throughout this process, the Appellant/Mother has demonstrated unwavering commitment, resilience, and dedication to her child's emotional, physical, and psychological well-being. She has provided a stable, nurturing home and maintained full compliance with all court orders and parental obligations. In contrast, the trial court's failure to enforce custody agreements, incorporate the Subsequent Parenting Agreement, evaluate material evidence, and provide sufficient findings of fact has placed the child's stability and security at risk.

The record reflects that the Appellee/Father has a history of harassment, repeated failure to adhere to structured parenting schedules, and noncompliance with court orders. Texas Family Code § 153.004 requires courts to consider such history in custody determinations, yet the trial court disregarded this statutory mandate. These omissions undermine the reliability of the custody order and necessitate appellate intervention.

Additionally, the Appellee/Father's repeated failure to fulfill medical obligations has jeopardized the child's health and recovery. His refusal to attend medical visits, disregard for post-surgical care requirements, and misrepresentation of the child's condition demonstrate a lack of concern for the child's well-being. Given that untreated medical conditions such as Hypospadias can result in lifelong complications, the trial court's failure to safeguard medical decision-making authority constitutes an abuse of discretion.

To promote judicial efficiency and fairness, the Appellant/Mother respectfully requests that this Court issue its ruling based on the appellate filings and record evidence. If further clarification is necessary, the Court should allow written submissions rather than requiring another in-person trial, thereby ensuring that all concerns are adequately addressed without unnecessary delay.

By reversing and remanding the trial court's custody determinations, this Court will ensure a fair resolution that properly considers all relevant agreements, prior case information, medical concerns, and parental conduct patterns. The Appellant/Mother urges this Court to take decisive action, reinforcing the legal protections necessary to safeguard the minor child's stability, security, and best interests.

Respectfully Submitted,

Nanyamka Sims
Email: dallasccfiles@gmail.com

## 10. CERTIFICATE OF COMPLIANCE

This is to certify that this brief complies with Rule 9.4 of the Texas Rules of Appellate Procedure because it is computer generated and includes as counted by the word count feature included in Microsoft Word. This brief also complies with typeface requirements because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font for text.

## 11. CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing brief has been served on all parties. Service was accomplished by :

Nanyamka Sims, EFILE

**Appendix Prefatory Note**

The Clerk's Record and Reporter's Record have already been filed with this Court and are available for review in their entirety. This Appendix is provided solely for convenience and contains key excerpts, agreements, statutory provisions, and case law cited in this brief. For lengthy documents such as the Mediated Settlement Agreement and the Final Order Request [1], only the specific pages referenced in the argument sections are included herein. The full documents remain available in the official record previously transmitted to the Court.

12. APPENDIX

Appendix Table of Contents

**Tab A – Final Custody Order (Judgment Appealed)**

**Tab B – Mediated Settlement Agreement (MSA)  (provided separately in Court record)**

**Tab C – Subsequent Parenting Agreement**

**Tab D – Appellant/Mother's Final Order Request (^1 )**

**Tab E – Incorrect Filing of Final Order submitted by Appellee/Father**

**Tab F – Dismissal Order for Grandmother (prior case context)**

**Tab G – Relevant Statutory Provisions**

 • Texas Family Code § 153.002

 • Texas Family Code § 153.004

 • Texas Family Code § 153.009(b)

 • Texas Family Code § 105.003

**Tab H – Case Law Excerpts**

• In re J.D., 304 S.W.3d 526 (Tex. App. 2010)

• In re J.M., 396 S.W.3d 528 (Tex. App. 2013)

• In the Interest of A.A.E., a Minor Child v. 107th District Court of Cameron

County

• In re Marriage of Brown, 768 S.W.2d 297 (Tex. App. 1989)

**APPENDIX A: Final Custody Order (Judgment Appealed)**

| CASE NUMBER | DF- 24-07441 |
|---|---|
| CASE NAME | Clark vs Sims |
| COURT ASSIGNMENT | 256th |

DATE: 1/28/25
REPORTER: GLENDA FINKLEY
__ INTERPRETER

PETITIONER APPEARED:
_ IN PERSON
_ AND ATTORNEY
_ STIP EVIDENCE
_ _____

RESPONDENT APPEARED:
_ WAIVER
_ DEFAULT BY CITATION
_ DEFAULT BY POSTING
_ DEFAULT BY PUBLICATION
✓ IN PERSON
_ BY ATTORNEY
_ BY AGREEMENT

_ _____ GRANTED
_ DIVORCE GRANTED
_ SAPCR GRANTED
_ PER DECREE
_ HOLD FOR DECREE

PRESIDING JUDGE

8.02 /Order Entry date 1/28/25 @ 9:00 a.m.

- Court finds that the parties have entered into a partial MSA. The Court adopts the partial MSA as the final Order in this case.
- The Court Orders that the child's last name shall be changed to Clark.
- The Court Orders that Mother shall be enjoined from having Priscilla sims conduct any exchange of the child with father.
- The Court Orders that father shall be enjoined from having Sylvia Hughes at the exchange location.
- Father is Ordered to do the final Order.
- The court finds that the only Order for child support was the Associate Judge's report of 7/24/24. Therefore the court adopts the A.J's ruling and Orders that child support began on 8/1/24 and on the 1st day of each Month thereafter.

98

**APPENDIX B: Mediated Settlement Agreement (MSA) (provided separately in Court record)**

# APPENDIX C: Subsequent Parenting Agreement

FILED

2024 NOV -1 PM 12: 44

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

NO.DF-24-07441

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| I.C.S. | § | 256TH JUDICIAL DISTRICT |
| A CHILD | § | DALLAS. COUNTY. TEXAS |

## Subsequent Agreement
### ( Amended Report: Case # Corrected )

This document is a subsequent Agreement made between the Petitioner Father and the Respondent Mother. This document is needed due to both parties not having due time to address the rest of their concerns during their ordered Mediation hearing that took place on October 2, 2024 at 9:00 A.M with the Mediator Cory Howers. Both parties request that this agreement be reviewed with the (MSA) Partial Mediation Agreement.

*Items initialed will be considered agreed upon. Right of 1' Refusal will still apply.*
*Petitioner Father will have odd years and Respondent Mother even.*

 ❑ **Thanksgiving** Petitioner/Father will advise the Respondent/Mother if he's available for an overnight visit for either the day before **or** the day after Thanksgiving and Thanksgiving Day. He will provide notice within **fourteen (14) days** before the date. If available Petitioner Father will pick up the minor child on the chosen day at 10am and drop-off the child the next day no later than 7 pm. If both parties agree they can make changes to this schedule if their schedules permit. Parents will alternate each year.

 ❑ **Christmas Eve & Christmas Day:** Petitioner/Father will advise the Respondent/Mother if he's available for an overnight visit. He will provide notice within **fourteen (14) days** before the date. If available Petitioner Father will pick up the minor child on Christmas Eve at 10am and drop-off the child the next day on Christmas no later than 7pm. If both parties agree they can make changes to this schedule if their schedules permit. Parents will alternate each year.

 ❑ **Kwanzaa** (December 26- 31 ): Respondent/Mother will have access

❑ **New Year:** If available Petitioner Father will pick up the minor child on the chosen day at 10am and drop-off the child no later than 6:30pm the same day. He will provide notice within **fourteen (14) days** before the date. Parents will alternate each year. If both parties agree they can make changes to this schedule if their schedules permit.

*Spring Break Summer will go into effect once the child begins school*

 ❑ **Spring Break:** The Petitioner Father will choose **three (3)** consecutive days during Spring Break. The Petitioner Father will advise **no later than 90 days** before the dates he chooses. If available Petitioner Father will pick up the minor child on the chosen day at 10am and drop-off the child no later than 6:30pm on the last day. If both parties agree they can make changes to this schedule if their schedules permit.

NO. DF-24-07741: Subsequent Agreement

1 of 2

# APPENDIX C: Subsequent Parenting Agreement

Docusign Envelope ID: 5A40E958-E5CA-4C1C-8142-889475B1F14A

**Summer:** The Petitioner/Father will choose **five (5)** consecutive days *twice* during the Summer. The **ten (10)** days won't be consecutive they can occur after one week or after two weeks during this period. The Petitioner/Father will advise **no later than 90 days** before the dates he chooses. If available Petitioner/Father will pick up the minor child on the chosen day at 10am and drop-off the child no later than 6:30pm on the last day. If both parties agree they can make changes to this schedule if their schedules permit.

The Petitioner/Father and Respondent/Mother will provide the **three (3)** options for schools **at least 6-9 months** before the enrollment period (this considers researching school, acceptance, waiting period and etc.)

The Petitioner/Father and Respondent/Mother are in agreement to not agree to marriage or enlistment to the army, or any military affiliated organizations without both signing and notarizing their agreement.

The Petitioner/Father and Respondent/Mother agree that if the child makes any earrings outside of an agreed traditional job/career that they will put the money in a savings or a trust for the minor child. Both parents will have to also agree on this untraditional job. Parents can agree to use a portion of the money earned as an allowance for the minor and will agree on the amount. Both parent's signatures will be required for any withdrawals unless either party is deceased or has lost all parental rights, both parents must have a signed and notarized agreement.

## Signatures

The Respondent & Petitioner knowingly and voluntarily agree to the listed topics discussed in this document. The Respondent & Petitioner agree to this document being considered binding and not subject to revocation. Each of us affirms that the information we provided is true and correct. The initialed items within the document have been agreed upon by both parents related to the welfare and interest of the child: I. C. S. Both parents request that this agreement be considered with the MSA and incorporated in Judgements subsequently entered especially the Final Custody Order.

Nanyamka Sims

Respondent: Printed Name

Respondent: Signature

10/7/2024
Date

Petitioner: Printed Name

Petitioner: Signature

10/8/2024
Date

NO. DF-24-07741: Subsequent Agreement

2 of 2

## APPENDIX D: Appellant/Mother's Final Order Request

^1 Certain filings referenced herein appear in the trial court's docket but were omitted from the Clerk's Record transmitted to this Court. Appellant has filed a request pursuant to Tex. R. App. P. 34.5(c) to supplement the record, and has requested that the trial court clerk provide a certified copy to Appellant and transmit the complete record to this Court. For ease of reference in this brief, citations to these documents are abbreviated and tied back to this footnote until supplementation is complete.

## APPENDIX E: Incorrect Filing of Final Order submitted by Appellee/Father

Pages 104 – 124. Only the first and last pages are listed in the Appendix. Please review the Court Reports for full documents.

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

Cause Number: DF-24-07441

**In the Interest of the following Minor Child(ren):**
(Print the initials of each child.)

In the 256th Court Number

1. ICS
2. _____
3. _____
4. _____
5. _____

☑ District Court
☐ County Court at Law

of Dallas County, Texas

## Order in Suit Affecting the Parent-Child Relationship
(Parent Custody Order)

A trial took place on 1/28/25 Date. There was no jury. No party asked for a jury.

### 1. Appearances

**Petitioner**

The Petitioner's name is: Kai (First) Hasan (Middle) Clark (Last)

The Petitioner is the: (Check one.) ☐ Mother. ☑ Legal Father.

(Check one.)
☑ The Petitioner **was present**, self-represented, and announced ready for trial.
☐ The Petitioner **was present**, self-represented, and agreed to the terms of this Order.
☐ The Petitioner **was not present** but has signed this Order, agreeing to its terms.

**Respondent**

The Respondent's name is: Nanyamka (First) Nkosazana (Middle) Sims (Last)

The Respondent is the: (Check one.) ☑ Mother. ☐ Legal Father.

(Check one.)
☑ The Respondent **was present**, representing, self-represented, and announced ready for trial.
☐ The Respondent **was present**, self-represented, and agreed to the terms of this Order.
☐ The Respondent was **not present** but filed an Answer or Waiver of Service and has signed this Order, agreeing to its terms.
☐ The Respondent was **not present** but filed a Global Waiver of Service that waived Respondent's right to notice of this hearing and did not otherwise appear.
☐ The Respondent was **not present** but was served and has defaulted. The Petitioner has filed a Certificate of Last Known Address and a Military Status Affidavit.

# APPENDIX E: Incorrect Filing of Final Order submitted by Appellee/Father

Rename file

## 14. Court Costs

Court costs shall be paid by the person who incurred the costs to the extent the incurrer is required to pay such costs. A party who filed a statement of inability to afford payment of court costs or affidavit of indigency that was not successfully contested is not required to pay court costs.

## 15. Other Orders

The court has the right to make other orders, if needed, to clarify or enforce the orders above.

## 16. Final Order

Any orders requested that do not appear above are denied. This is a final judgment and is appealable.

2/26/2025 3:00:58 PM
_____
Date of Judgment

_____
Judge's Signature

## Sandre Streete
_____
Judge's Printed Name

By signing below, the Petitioner agrees to the form and substance of this Order.

Kai H. Clark (415) 377-8644
_____
Petitioner's Signature          Phone number

Kai H. Clark
_____
Petitioner's Name (print)        Date

Mailing Address: 4146 Briar Hill Dr
Grand Prairie, Texas, 75052

E-mail: Kclark4152510@yahoo.com

Fax: (if available) _____

By signing below, the Respondent agrees to the form and substance of this Order.

_____
Respondent's Signature          Phone number

_____
Respondent's Name (print)        Date

Mailing Address: _____

E-mail: _____

Fax: (if available) _____

43

## APPENDIX F: Dismissal Order for Grandmother

Cause No: C22063990 01    Docket: 23060236    Court Date: September 16, 2024 - 8:30 AM - 5
Defendant: PRISCILLA A SIMS
Offense: ASSAULT CONTACT FAMILY VIOLENCE

---

THE STATE OF TEXAS vs

PRISCILLA A SIMS

IN THE MUNICIPAL COURT

CITY OF DALLAS, TEXAS

### ORDER OF DISMISSAL

Upon motion by the ☐ State of Texas or ☐ Defendant to dismiss the above-referenced cause for

☐ witness unavailable  ☒ insufficient evidence  ☐ want of jurisdiction  ☐ complaint defective

☐ no outside witness  ☐ no fact witness

Other: _____

_____

the above cause is dismissed.

Signed this the 16th day of September, 2024.

JUDGE PRESIDING

## APPENDIX G: Relevant Statutory Provisions

### § 153.002 – Best Interest of the Child

*"The best interest of the child shall always be the primary consideration of the court in determining issues of conservatorship, possession, and access."*

### § 153.132 – Rights of Parent Appointed Sole Managing Conservator

A parent designated as the sole managing conservator shall have exclusive rights, including but not limited to:

1. The right to establish the primary residence of the child.
2. The right to make decisions concerning the child's education.
3. The right to consent to medical, dental, and surgical treatment.
4. The right to direct the moral and religious training of the child.

This provision supports the Appellant/Mother's request for sole managing conservatorship, ensuring that she has the exclusive authority to make essential decisions without disruption or interference from the Appellee/Father.

### § 153.134 – Court-Ordered Sole Managing Conservatorship

This statute provides criteria for awarding sole managing conservatorship, particularly when joint conservatorship is deemed detrimental to the child's well-being. Courts may award sole managing conservatorship when:

- There is a history of parental absenteeism.
- A parent has failed to comply with structured parenting time.
- The best interests of the child would be better served by one parent maintaining exclusive decision-making authority.

This reinforces the Appellant/Mother's request, as the Appelle/Father's repeated noncompliance, missed visitations, and disregard for medical responsibilities demonstrate the necessity of awarding sole conservatorship to the Appellant/Mother.

## § 6.711 – Findings of Fact and Conclusions of Law

This statute mandates that courts must provide written findings of fact and conclusions of law when requested by a party in a suit affecting the parent-child relationship. It ensures that judicial decisions are transparent, reviewable, and based on documented evidence.

- Key Provision:
    - *"In a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, on request by a party, the court shall state in writing its findings of fact and conclusions of law, including the characterization and value of all assets, liabilities, claims, and offsets on which disputed evidence has been presented."*

## Appendix H – Case Law Excerpts

- Holley v. Adams, 544 S.W.2d 367 (Tex. 1976)

Excerpt: "The best interest of the child shall always be the primary consideration of the court in determining issues of conservatorship, possession, and access."

- In re J.D., 304 S.W.3d 526 (Tex. App. 2010)

Excerpt: "Custody arrangements must reflect the parent who actively maintains stability, commitment, and responsibility."

- In re J.M., 396 S.W.3d 528 (Tex. App. 2013)

Excerpt: "A parent's neglect of medical responsibilities is grounds for custody reconsideration."

- In the Interest of A.A.E., a Minor Child v. 107th District Court of Cameron County

Excerpt: "Courts must ensure procedural fairness and adherence to statutory mandates in custody proceedings."

- In re Marriage of Brown, 768 S.W.2d 297 (Tex. App. 1989)

Excerpt: "Custody orders should be flexible enough to accommodate practical concerns such as parental schedules and the child's routine."